**EMMA ISUMU RANDALL and TAULIA ISUMU, Plaintiffs**

**v.**

**LEAPAGA KESI, Defendant**

High Court of American Samoa
Land and Titles Division

MT No. 3-91

December 10, 1993

Before RICHMOND, Associate Justice, TAUANU'U, Chief Associate Judge, AFUOLA, Associate Judge, and BETHAM, Associate Judge.

Counsel: For Plaintiffs, Afoa L. Su'esu'e Lutu
 For Defendant, Gata E. Gurr

This action seeks the removal of the matai title "Leapaga" from defendant Leapaga Kesi. The trial was held on October 27 and 29 and on November 1 and 3, 1993. The parties were present personally and by counsel throughout the proceedings.

The action was brought under A.S.C.A. § 1.0412(a). Upon the filing of a petition by any member of the family of any matai absent from American Samoa for more than one year, this statute authorizes the High Court to remove the absent matai's title. The court's authority is fully discretionary, and in exercising that discretion, the court may consider the reasons for the matai's absence and the wishes of the family members actively serving the matai.

Defendant is the sa'o or senior matai of the Leapaga family of Nu'uuli, American Samoa. His investiture to that highest of aiga or extended family positions was celebrated in 1958. He was, however, a heavy equipment operator, and when his job on the Pago Pago International Airport project was completed in the early 1960s, he moved with members of his immediate family to live and work in Hawaii. After his retirement, he continued to live outside of American Samoa, for the most part with his children scattered about the U.S. mainland, principally in California.

Defendant claimed to have frequently returned to American Samoa, usually every three to four months, and never less than once a year. However, his U.S. passport issued in 1977 shows only 10 entries in almost 13 years[1]--two in 1978, three in 1982, one in 1983, one in 1984, two in 1988, and one in 1990. His passport issued in 1990 shows seven more entries--one in 1990, two in 1991, two in 1992, and two in 1993.

---

[1] This passport was issued on November 1, 1977, and expired on October 31, 1987. Defendant successfully continued to use this passport for travel purposes until his current passport was issued on June 20, 1990.

91

Clearly, his return trips were less frequent and more sporadic than claimed.

Defendant's explicit reasons for remaining outside American Samoa relate to medical treatment and recuperation. As is to be expected at age 79, defendant has received medical care in recent years, including surgery in 1987 and treatment for hypertension in 1990 and 1993. His wife is confined to a wheelchair and has been in poor health for many years now.

During his absence from American Samoa, defendant has largely performed his sa'o responsibilities through a surrogate. At times, he has even enlisted an untitled family member for this purpose for substantial periods. Apparently, this arrangement has functioned satisfactorily for Leapaga obligations in village affairs. Defendant also appeared at some family fa'alavelave or events and, if informed of them, sent some instructions for others. While the identity and, hence, the support of the Leapaga clans were disputed, many, if not most, family members would continue to render tautua or traditional service to defendant and want him to retain his title. The principal exceptions are plaintiffs and members of their immediate family.

Nonetheless, the Leapaga communal family lacks genuine leadership and is in disarray. Plaintiffs' father and defendant are brothers, who have been unable and probably unwilling to get along with one another for many years. Plaintiffs' father is older than defendant and has harbored a long-standing grudge against defendant as a result of the latter's selection as the family's sa'o. Plaintiffs' father has exercised self-proclaimed pule or control over the family's communal lands. He has been involved in at least 10 intra-family and third-party land disputes in this court during the last 11 years.

In 1982, plaintiffs' father initiated the first attempt to remove defendant's matai title. *Isumu v. Leapaga*, MT No. 6-82 (Land & Titles Div. 1982). The court denied the petition in that case in the interests of promoting family peace and harmony, noting that defendant had returned to American Samoa and apparently had the support of the majority of the family. However, defendant did not stay and opted to continue his role as an absent sa'o. Family peace and harmony were not promoted, but only continued to deteriorate as time passed.

■ Based on these findings, we reach the following conclusions. First, defendant is an absent matai, who has been away from American Samoa

for more than one year and is subject to removal of his title under A.S.C.A. § 1.0412(a). His infrequent, irregular and brief returns did not interrupt or toll his absent status. See *Aoelua Family v. Aoelua*, 17 A.S.R.2d 88 (Land & Titles Div. 1990), *aff'd* 21 A.S.R.2d 1 (App Div. 1992).

■ Second, the court's discretion to remove defendant's matai title may be influenced but not fettered by the state of defendant's and his wife's health and by defendant's support from family members willing to actively serve him. A.S.C.A. § 1.0412(a); see A.S.C.A. § 1.0404(b); see also *Aoelua, supra*, 21 A.S.R.2d at 2-3.

■ Third, we are persuaded that defendant's long-term absence is so deleterious to the Leapaga family's well-being as to require removal of his title. As was pointed out in *Galu v. Mariota*, 1 A.S.R. 461, 463 (1932), "[T]he interests of the family can [not] be well served by a matai who does not live in the Village where the family of which he is the matai has its *situs*." And very recently in *Aoelua, supra*, 17 A.S.R.2d at 90:

> The Fono's enactment of A.S.C.A. § 1.0412(a) merely highlights the self-evident truth that a matai's place is with his family and that the meaningful exercise of his duties demands his continuing presence in the territory.

The Leapaga title is removed from defendant. Judgment shall enter accordingly.

It is so ordered.